**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

OLGA CAO,

      **Plaintiff,**

v.                                                                          **CASE NO.**

MAXIMUS SERVICES LLC, A/K/A
MAXIMUS SERVICES (DELAWARE)
LLC,

      **Defendant.**

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, MAXIMUS SERVICES LLC, A/K/A MAXIMUS SERVICES (DELAWARE) LLC ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1331, 1367, 1441, and 1446, hereby requests that the Court remove this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The grounds for removal of this action are set forth below.

## I.    INTRODUCTION

On October 28, 2024, Plaintiff, Olga Cao ("Plaintiff"), filed an Amended Complaint in the Circuit Court of the Seventeenth Judicial Circuit, in and for

Broward County, Florida, Case No. CACE-24-015389 (the "Circuit Court Case"), alleging claims under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

Copies of all processes, pleadings, orders, and other papers or exhibits of every kind currently on file within the Circuit Court Case are attached to this Notice of and Petition for Removal as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a).

A copy of the Amended Complaint and Notice of Commencement of Action and Request for Waiver of Service of Process was delivered to counsel for Defendant's office, via FedEx, on October 30, 2024. Counsel for Defendant executed the Waiver of Service of Process and served the same on counsel for Plaintiff on November 19, 2024. Thus, this Notice of and Petition for Removal has been filed within 30 days of receipt of the Waiver of Service of Process and is timely filed pursuant to 28 U.S.C. § 1446(b).

The United States District Court, Southern District of Florida, Fort Lauderdale Division, encompasses the judicial district in which Plaintiff filed the Amended Complaint. Removal to this Court is proper based on the federal question jurisdiction requirements of 28 U.S.C. § 1331 because Plaintiff's claims under the ADEA arise under the laws of the United States. The Court also has supplemental jurisdiction

over Plaintiff's state law claims under the FCRA pursuant to 28 U.S.C. § 1367. Therefore, for all the reasons herein, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Circuit Court Case.

## II.   REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

### A.   The Court Has Federal Question Jurisdiction.

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges claims under the ADEA in Count One of the Amended Complaint. *See* Comp. Ex. A, Amended Compl. at ¶¶ 1, 25-28 ("Plaintiff brings this action against Defendant . . . pursuant to the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, *et seq.* . . ."). Accordingly, this civil action is within the original federal question jurisdiction of the United States District Court and may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### B.   The Court Has Supplemental Jurisdiction over Plaintiff's State Law FCRA Age Discrimination Claims in Count Two of the Amended Complaint.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining state law claims alleged in Count Two (FCRA) of the Amended

Complaint because they also relate to Plaintiff's former employment with Defendant. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-743 (11th Cir. 2006) (cite omitted). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id*. at 743.

In this case, Plaintiff's FCRA age discrimination claims arise from the same set of facts and circumstances as Plaintiff's ADEA age discrimination claims. *See* Comp. Ex. A, Amended Compl. Simply put, Plaintiff's claims involve the same facts, the same occurrences, and generally the same evidence, the sum of which relates to Plaintiff's former employment relationship with Defendant. Indeed, Plaintiff realleges and incorporates by reference the "Factual Background" in both Counts of the Amended Complaint. *See* Comp. Ex. A, Amended Compl. at ¶¶ 25, 29. As such, Plaintiff's state law claims are a part of the same case or controversy raised by Plaintiff's federal claims under the ADEA. Therefore, the Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a); *Parker*, 468 F.3d at 743.

**WHEREFORE**, Defendant, MAXIMUS SERVICES LLC, A/K/A MAXIMUS SERVICES (DELAWARE) LLC, respectfully requests that the United

States District Court for the Southern District of Florida, Fort Lauderdale Division accept the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, and direct that the Circuit Court have no further jurisdiction over this action unless and until this case is remanded.

DATED this 2nd day of December 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

*/s/ Lindsay D. Swiger*
Lindsay D. Swiger
Florida Bar No. 0045783
Lindsay.Swiger@jacksonlewis.com
Melanie O. Baker
Florida Bar No. 1032041
Melanie.Baker@jacksonlewis.com
Alexandrea.Price@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of December 2024, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Anthony V. Falzon
Anthony V. Falzon P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL  33181
tony@anthonyfalzon-law.com
*Attorneys for Plaintiff*

<u>*/s/ Lindsay D. Swiger*</u>
Attorney

6